UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. 2:18-CR-0232-TOR-15 |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE |
| TERESA ANN GONZALEZ, | |
| Defendant. | |

BEFORE THE COURT are Defendant's Motion for Reduction of Sentence and Motion to Expedite the same. ECF Nos. 829, 830. These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion for Sentence Reduction is granted.

**BACKGROUND**

On December 18, 2018, an indictment was filed charging Defendant with nine counts of mail fraud and conspiracy to commit mail and wire fraud, in

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

violation of 18 U.S.C. §§ 1341, 1343, 1346. ECF No. 1. On June 13, 2019, Defendant pleaded guilty to Count 73, conspiracy to commit mail and wire fraud. ECF Nos. 443, 444. On January 21, 2020, this Court sentenced Defendant to ten months imprisonment, followed by a three-year term of supervised release. ECF No. 777. On February 19, 2020, Defendant began serving her term of imprisonment by reporting to the Spokane County Jail, pending Bureau of Prisons' designation and transfer. ECF No. 829 at 1. Defendant's projected release date is December 18, 2020.

On March 23, 2020, Defendant's counsel contacted the Bureau of Prisons to determine which office could process her compassionate release request based on her medical condition. The Bureau of Prisons communicated that because Defendant was not yet in a designated facility, there was no one able to process her request. The Bureau of Prisons' employee indicated that the exhaustion of administrative appeals process was no applicable or possible and suggested contacting the sentencing Court for relief.

Defendant argues that she should be granted compassionate release based on her chronic medical conditions, the nature of the medical care she has received at the Spokane County Jail, and the risk of exposure and death from the COVID-19 pandemic.

//

The government opposes Defendant's motion for compassionate release reduction because she has not exhausted administrative remedies and she does not present circumstances justifying such extraordinary relief. ECF No. 831.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018).

The Court finds that Defendant has effectively exhausted her administrative remedies by petitioning the BOP, giving them notice, and being told she does not have any other administrative path or remedies she can pursue. Any further attempt to exhaust administrative remedies at this time would be futile. Accordingly, the Defendant's motion for reduction of sentence is properly before the Court.

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

**B. Extraordinary and Compelling Reasons**

Defendant moves for compassionate release on the grounds that "extraordinary and compelling reasons" justify a sentence reduction. ECF No. 829 at 13-21. The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

Here, Defendant moves for compassionate release on the grounds that her multiple chronic illnesses and difficulty treating them while in custody constitute "extraordinary and compelling reasons" for a sentence reduction. ECF No. 829. Because Defendant does not allege that her present conditions are terminal or diminish her ability to provide self-care while in custody, her motion for compassionate release is best addressed under the "other reasons" category.

Defendant, age 64, has chronic obstructive pulmonary disease (COPD), including significant emphysema. ECF Nos. 762 (sealed medical records), 700 at 19 (sealed Presentence Investigation Report). Defendant alleges that her medical conditions have worsened while incarcerated without her prescribed inhaler and that she struggles to breathe daily. ECF No. 829 at 18. Because she is housed in a local jail facility where most inmates are recently arrested and in pretrial confinement, there is constant and significant turnover of new people coming in and out of the facility from off the streets. *Id*. at 19. Because it is impossible to practice social distancing or isolation in a jail setting, the pandemic will be devastating when it reaches jail populations.

Defendant is the most susceptible to the devastating effects of COVID-19. She is in the most susceptible age category (over 60 years of age) and her COPD and emphysema make her particularly vulnerable.

//

## C. Sentencing Commission Policy Statements

The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

Defendant does not present a risk of danger to the community as articulated in 18 U.S.C. § 3142(g). On January 14, 2019, Defendant was released pending trial without incurring any violations through sentencing. The underlying criminal conduct was not a crime of violence, but rather white-collar fraud. The Court has reviewed all the factors to be considered in imposing a sentence, 18 U.S.C. § 3553(a), and does not find any one factor or combination of factors to preclude the remedy here.

That other Defendants received home detention does not impact the Court's decision here. Each Defendant presents with an individualized level of culpability, life circumstances and personal background that warrants individualized sentences.

The Court was aware of Defendant's underlying medical condition and took that into consideration at the time of sentencing. In normal times, Defendant's condition would be manageable. These are not normal times, however.

The Court will exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Expedite, ECF No. 830, is **GRANTED**.
2. Defendant's Motion for Reduction of Sentence, ECF No. 829, is **GRANTED.**
3. Simultaneously herewith, the Court will enter an AMENDED Judgment imposing a sentence of "time served" and converting the remaining term of incarceration into eight (8) months of home detention as an additional condition of supervised release.
4. The United States Marshal Service and/or the United States Bureau of Prisons shall promptly release Defendant from custody.

The District Court Executive is directed to enter this Order and furnish copies to counsel, the United States Marshal Service, and the Probation Office.

**DATED** March 31, 2020.



THOMAS O. RICE
Chief United States District Judge